UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Harrison,<br><br>                                   Plaintiff,<br><br>                    -v-<br><br>D.A. Barnes, *et al.*,<br><br>                                   Defendants. | 2:24-cv-04996<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is the application to proceed in forma pauperis ("IFP") filed by Mark Harrison ("Harrison") together with his pro se complaint. (Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing an "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form IFP Application"). Alternatively, Harrison may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly

denied. *See, e.g.*, *Miller v. Smith*, No. 21-CV-2949(JS)(AKT), 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying an application for IFP where the plaintiff received a monthly income of $4,187, "did not disclose the balance in her checking account," and was "able to borrow money from friends.") The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1. The court must dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the court determines that the plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

      Here, Harrison's application does not provide enough information for the Court to reasonably conclude that he is unable to afford the filing fee. For example, Harrison reports that he received disability and/or worker's compensation payments in the past twelve months, but he does not state the amount he has received or what he expects to receive in the future, which is information the IFP application requires. (IFP App. ¶ 3.) Harrison also reports that he has no cash, no money in a checking or savings account, and no assets and the only regular monthly expenses he reports are for "electric" and "water," but he has not stated the amount of these expenses. (*Id.* ¶¶ 4–6.) Harrison has included a residential address in Amityville, New York, and a telephone number, but has not included any expenses associated with either that address or phone number. (Compl. at 2–3.)

      Given Harrison's incomplete responses, his application does not include sufficient information for the Court to determine his qualification for IFP status. *See generally* IFP App.; *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such

as from a spouse, parent, adult sibling or other next friend.") (quotation marks omitted). "'If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is 'merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case,' then a court properly exercises its discretion to deny the application." *Brooks v. Aiden 0821 Capital LLC*, No. 19-CV-6823(GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quotation marks and brackets omitted) (quoting *Fridman*, 195 F. Supp. 2d at 537).

For these reasons, Harrison's application to proceed IFP is denied without prejudice and with leave to renew upon filing a Long Form IFP Application. Alternatively, Harrison may pay the $405.00 filing fee. Harrison is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case and he shall either file the Long Form IFP Application or pay the filing fee within two (2) weeks of the date of this Order or his complaint will be dismissed without prejudice.

Harrison is encouraged to use the free resources available at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      The Clerk of Court is respectfully directed to mail a copy of this Order to Harrison at his address of record, together with a blank Long Form IFP Application (AO 239), and to record such mailing on the docket.

                                                  */s/ Nusrat J. Choudhury*
                                                  NUSRAT J. CHOUDHURY
                                                  United States District Judge

Dated:        Central Islip, New York July 26, 2024