UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Harrison,<br><br>                         Plaintiff,<br><br>             -v-<br><br>D.A. Barnes et al.<br><br>                         Defendants. | 2:24-cv-4996<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the renewed motion to proceed in forma pauperis ("IFP") filed by pro se Plaintiff Mark Harrison ("Harrison") in response to the Court's July 26, 2024 Order that denied his original application without prejudice and with leave to renew. (Renewed IFP Mot., ECF No. 5; Order, ECF No. 4.) Upon review, the Court finds that Harrison's responses on the Renewed IFP Motion qualify him to commence this action without prepayment of the filing fee. Accordingly, the Renewed IFP Motion is granted. For the reasons that follow, however, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On July 16, 2024, Harrison filed a Complaint against "D.A. Barnes," "Police Officer Johny D," "Homicide Officer Mike," "Probation Officer Dykman," and "DEA Officer Jane Doe" (collectively, "Defendants") using the Court's general complaint form. (Compl., ECF No. 1.)[1] Harrison also filed a motion to proceed IFP at that time. Upon review, the Court determined that

---

[1] Excerpts from Harrison's submissions and pleadings are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

Harrison's responses in the IFP motion did not support a finding of indigency and, accordingly, denied the motion without prejudice and with leave to renew on the Long Form IFP application. (Order, ECF No. 4.) On August 19, 2024, Harrison timely filed his Renewed IFP Motion. (Renewed IFP Mot., ECF No. 5.)

## I.     The Complaint

Harrison checked the box on the form complaint to allege that he seeks to invoke this Court's federal question subject matter jurisdiction. (Compl. ¶ II.) Harrison has not, however, responded to the question on the form that calls for "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (*Id*. ¶ II.A.) Nor has he included any law that was allegedly violated by the Defendants. (*See id*.) In its entirety, Harrison's scant "Statement of Claim" alleges:

> Ive been followed nd harassed Evidence has been illegally Tampered with and manufacture when known was given or received by my I gave a guy a high he had a plastic bag in his hand when he came and when he left but I see that it was an attempt to make it appear as a drug exchange by the agency that was tailing me Suffolk County Police and dea.

(*Id.* ¶ III.) For relief, Harrison seeks to recover $5 million in damages for "on going misducted on The part of These agency Trying cause mental stress and threats to my health and well being." (*Id.* ¶¶ II.B.3, III.) Further, Harrison alleges that "Their Trying confine me To prison illegal while voilaTing my human rights in The process because I donT wanT To be a CI for Them." (*Id.* ¶ IV.)

## LEGAL STANDARDS

## I.     In Forma Pauperis

Upon review of Harrison's Renewed IFP Motion (Renewed IFP Mot.), the Court finds

that Harrison is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the Renewed IFP Motion (ECF No. 5) is granted.

## II.     Sufficiency of the Pleadings

Where a plaintiff is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*,

3

76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I. Section 1983 Claims

Given that Harrison's claims are against state actors, his claims are construed as brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides redress for Constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519

(2d Cir. 1993) (citing *Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. Further, a plausible Section 1983 claim must allege the personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Here, Harrison's complaint, liberally construed, does not allege a deprivation of a right afforded by the U.S. Constitution, nor does it allege the personal involvement of each named Defendant. (*See* Compl.)

### A. Absence of a Constitutional Deprivation

Harrison's sparse Complaint does not include any allegations that claim a deprivation of some constitutional right. (*See id.*) Thus, his Section 1983 claim fails as a matter of law. Even upon a liberal construction, there are simply no facts from which the Court can reasonably construe some constitutional deprivation. Because the Complaint fails to allege a constitutional deprivation, any Section 1983 claim that may liberally be construed from the Complaint is implausible and dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Lack of Personal Involvement

Nor has Harrison linked each individual named as a Defendant to any claimed violation of law. (*See* Compl.) Indeed, apart from the caption and the "Parties" section of the Complaint,

5

none of the Defendants are again mentioned in the body of the Complaint. (*See id*.) The Supreme Court held in *Ashcroft* that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." 556 U.S. at 676; *see also Tangreti v. Bachmann*, 983 F.3d 609, 618–19 (2d Cir. 2020) (explaining the standard for supervisory liability). Thus, a complaint based upon a violation of Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. *Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010). For this reason too, Harrison has not alleged a plausible claim against any Defendant and such claims are thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C. Eleventh Amendment Bar on Money Damages Claim Against DA Barnes

In addition, to the extent that Harrison seeks to recover money damages against DA Barnes, "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment." *Sharp v. Morgenthau*, No. 08-cv-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010); *see also Klein v. Zugabie*, No. 20-1975, 2021 WL 5313708, at *2 (2d Cir. Nov. 16, 2021) (a Section 1983 claim seeking damages against a district attorney in his official capacity is barred by Eleventh Amendment sovereign immunity). Thus, such claim is not plausible and thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Tang v. Grossman*, No. 22-464, 2023 WL 2229366, at *3 (2d Cir. Feb. 27, 2023) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

Here, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Complaint.

### III.   Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, in an abundance of caution, Harrison is granted leave to file an amended complaint to afford him an opportunity to allege a plausible claim. If Harrison chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order. Any amended

complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 24-cv-4996 (NJC) (LGD). Harrison must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption *and* in the statement of claim.

If Harrison does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Harrison is cautioned that any amended complaint shall include a short and plain statement of the relevant facts supporting each claim against each defendant named. In addition, because an amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Harrison wants to include from the original complaint must be repeated in the amended complaint. **If Harrison does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.**

Harrison is encouraged to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575. Alternatively, Harrison may pursue any valid claims he may have against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Harrison's Renewed IFP motion (ECF No. 5) and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice and with leave to file an amended complaint. The Clerk of the Court shall mail a copy

8

of this Order to Harrison at his address of record and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
September 13, 2024

                                               */s/ Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge