UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mark Harrison,<br><br>                                   Plaintiff,<br><br>         -v-<br><br>A.D.A. Christen Barnes, Probation Officer Peter Dykman,[1] Homicide Detective Micheal Ronca, DEA Agents working with A.D.A. Barnes, Detective Johnny D,<br><br>                                   Defendants. | 2:24-cv-4996<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an Amended Complaint filed by pro se plaintiff Mark Harrison ("Harrison") in response to the Court's September 13, 2024 Memorandum and Order that granted his application to proceed in forma pauperis ("IFP") and dismissed the Complaint without prejudice and with leave to file an Amended Complaint. (Am. Compl., ECF No. 8; Mem. & Order, ECF No. 6; Compl., ECF No. 1.) For the reasons that follow, the Court dismisses the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**PROCEDURAL HISTORY**

On July 16, 2024, Harrison filed a Complaint against D.A. Barnes, Police Officer Johny D, Homicide Officer Mike, Probation Officer Dykman, and DEA Officer Jane Doe using the Court's general complaint form. (Compl., ECF No. 1.) Harrison also filed a motion to proceed IFP at that time. (IFP Mot., ECF No. 2.) Upon review, the Court determined that Harrison's

---

[1] The surname of this individual is spelled "Dykman" in the caption and "Dykeman" in the section of the Amended Complaint that identifies the parties. The Court understands that this is the same person and, for consistency, will use "Dykman" in this Memorandum and Order.

responses in the IFP motion did not support a finding of indigency and, accordingly, denied the motion without prejudice and with leave to renew by filing an "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). (Order, ECF No. 4.) On August 19, 2024, Harrison timely filed his Renewed IFP Motion which the Court granted by Memorandum and Order dated September 13, 2024. (Renewed IFP Mot., ECF No. 5; Mem. & Order.)

In the Memorandum and Order issued on September 13, 2024, the Court liberally construed Harrison's pro se Complaint to allege claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and, upon careful consideration, concluded that his sparse allegations did not allege a plausible Section 1983 against any Defendant. (Mem. & Order at 4–6.) Indeed, Harrison did not include any facts in his Complaint such that the Court could reasonably construe some constitutional deprivation. (*Id.* at 5.) Nor did Harrison link each individual named as a Defendant to any claimed violation of law. (*Id*. at 5–6.) Further, insofar as Harrison sought to recover money damages against the prosecuting attorney, Barnes, the Court dismissed such a claim because it is barred by the Eleventh Amendment. (*Id*. at 6.) In the absence of a plausible federal claim, the Court declined to exercise supplemental jurisdiction over any remaining state law claims that may be liberally construed from the Complaint. (*Id*. at 7.)

In an abundance of caution and given Harrison's pro se status, the Court granted leave to file an amended complaint to afford him an opportunity to allege a plausible claim. (*Id.* at 7–8.) In so doing, the Court made clear that: "Harrison must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption *and* in the statement of claim." (*Id*.) Further, the Court explained that "an amended complaint will

2

completely replace, not supplement, the original complaint" and therefore "any facts or claims that Harrison wants to include from the original complaint must be repeated in the amended complaint." (*Id*. at 8.)[2]

## I.     The Amended Complaint[3]

Like the original Complaint, the Amended Complaint is brief. Harrison names A.D.A. Christen Barnes ("Barnes"), Probation Officer Peter Dykman ("Dykman"), Homicide Detective Micheal Ronca ("Ronca"), DEA Agents working with Barnes ("DEA Agents"), and Detective Johnny D (collectively, "Defendants) as the Defendants. Harrison again used the Court's general complaint form and checked the box on the form to allege that he seeks to invoke this Court's federal question subject matter jurisdiction. (Am. Compl. ¶ II.) However, Harrison has not responded to the question on the form that calls for "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." (*Id*. ¶ II.A.) Nor has he included any law that was allegedly violated by the Defendants. (*See id*., *in toto*.) Harrison also answered the questions in the "Diversity of Citizenship" section and alleges that he is a citizen of New York and that Detective Johnny D and Barnes are also citizens of New York. (*Id*. ¶ II.B.(1)–(2).)[4]

In its entirety, Harrison's scant "Statement of Claim" alleges:

Each person violate my rights by harassment, intimidation, and false, misleading,

---

[2] The Court also encouraged Harrison to consult with the Hofstra Law School Clinic located at the Central Islip Courthouse which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. (Mem. & Order, at 8.)

[3] Excerpts from the Amended Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[4] Given that Harrison alleges that he and at least two Defendants are all New York citizens, diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 may not properly be invoked.

3

> tactics, putting me and danger then trying to lock me up for the things they had me doing. Spoofing my phone in order to try to link me to a drug dealer been following me around staging fake contact but no drugs ever pass hands.

(*Id.* ¶ III.) For relief, requests that the Court "grant me protection and freedom and harm from people that wish me harm and grant me punitive damages as the court see fit for the damage this has caused me mentally emotionall and physically." (*Id.* ¶ IV.)

## LEGAL STANDARDS

### I. In Forma Pauperis

Having granted Harrison's Renewed IFP Motion (Mem. & Order at 2–3), the Court is required to screen his Amended Complaint in accordance with the IFP statute as set forth below.

### II. Sufficiency of the Pleadings

Under 28 U.S.C. § 1915, this Court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

## DISCUSSION

**I.    Section 1983 Claims**

Given that Harrison's claims are again brought against state actors, his claims are construed as brought pursuant to Section 1983. Section 1983 creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Cty. of Oklahoma Cty. v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant

5

(1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. Further, a plausible Section 1983 claim must allege the personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Like the original Complaint, Harrison's Amended Complaint does not allege a deprivation of a right afforded by the U.S. Constitution nor does it allege the personal involvement of each named Defendant. (*See* Am. Compl.; *see also* Mem & Order, 5–6.) Further, it continues to name Barnes and seek money damages from him, demonstrating a disregard for the Court's ruling that:

> To the extent that Harrison seeks to recover money damages against [A]DA Barnes, "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities is actually a suit against New York State, and is barred by the Eleventh Amendment."

(Mem. & Order at 6 (citation omitted).)

For these reasons, as well as those set forth in the Memorandum and Order dated September 13, 2024 (ECF No. 6), the Amended Complaint fails to allege a plausible claim against any Defendant and continues to seek relief against Defendant Barnes, who is immune from suit for conduct undertaken in his official capacity as a prosecutor. Harrison's federal claims against Defendant Barnes are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and Harrison's federal claims against the other Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## II. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Amended Complaint.

## III. Leave to Further Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, Harrison has already been granted leave to file an amended complaint to afford him an opportunity to allege a plausible claim. (*See* Mem. & Order.) Rather than cure any of the

7

defects with his claims that were identified by the Court, Harrison instead has wholly ignored that guidance. Nor does it appear that Harrison consulted with the free resources available at the Hofstra Pro Se Clinic. Thus, it does not appear that Harrison will cure the defects with his claims in any further pleading, rendering leave to further amend the complaint futile. Accordingly, leave to further amend the Amended Complaint is denied.

## CONCLUSION

For the reasons stated above, the Amended Complaint (ECF No. 8) fails to allege a plausible claim for relief against any Defendant. Accordingly, Harrison's federal claim against Defendant Barnes is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and his remaining federal claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to Harrison at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 20, 2024

                                                   */s/ Nusrat J. Choudhury*
                                                 NUSRAT J. CHOUDHURY
                                                 United States District Judge